UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:08CV188-J

DONNA M. JONES                                                                                                    PLAINTIFF

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security                                                                        DEFENDANT

## MEMORANDUM OPINION AND ORDER

Before the Court is claimant Donna Jones' Complaint seeking judicial review of the unfavorable decision rendered by the defendant Commissioner denying her claim for Supplemental Security Income Benefits ("SSI").  After examining the administrative record, the arguments of the parties, and the applicable authorities, the Court is of the opinion that the decision is not supported by substantial evidence and should be remanded to the Commissioner for calculation and payment of benefits.

PROCEDURAL HISTORY

Plaintiff filed applications for SSI disability and Disabled Widow's benefits on July 12, 2004 alleging that she became disabled as of July 5, 2004 as a result of problems with a heart condition, foot and back.  Ms. Jones' previous work included work as a farm laborer, tending cattle, yard work, factory work, and records keeping.  Following a hearing at which both the claimant and a vocational expert offered testimony, Administrative Law Judge Patrick Kimberlin ("ALJ") found that the claimant has severe impairments of ventricular tachycardia with cardiac arrhythmias and major depressive disorder (Tr. 22).  However, the ALJ found that plaintiff remains capable of performing a limited range of light work, stating:

> After careful consideration of the entire record, the undersigned finds that the claimant retains the residual functional capacity to perform a limited range of light work. More, specifically, the claimant can perform light work as defined in 20 C.F.R. 404.1567 and 416.967, but she can only occasionally climb ropes, ladders and scaffolds; should avoid concentrated exposure to cold and heat; and is limited to unskilled, low stress work, i.e. simple routine 1-3 step job duties and instructions. (Tr. 24).

Plaintiff appeals from this unfavorable decision.

## STANDARD OF REVIEW

The task of this Court on appellate review is to determine whether the administrative proceedings were flawed by an error of law, and to determine whether substantial evidence supports the decision of the Commissioner, 42 U.S.C. §405(g); Elam ex. Rel. Golay, v. Commissioner, 348 F.3d 124, 125 (6th Cir. 2003). Where the Commissioner's decision is supported by substantial evidence, the reviewing court must affirm, Studaway v. Secretary of HHS, 815 F.2d 1074, 1076 (6th Cir. 1987). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion, Kirk v. Secretary of HHS, 667 F.2d 524 (6th Cir. 1981); Jones v. Secretary of HHS, 945 F.2d 1365 (6th Cir. 1991).

The substantiality of the evidence is to be determined based upon a review of the record taken as a whole, not simply some evidence, but rather the entirety of the record to include those portions that detract from its weight, Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984). So long as the decision of the Commissioner is supported by substantial evidence, it must be upheld by the court even thought the record might support a contrary conclusion, Smith v. Secretary of HHS, 893 F.2d 106, 108 (6th Cir. 1989). The substantial evidence standard "presupposes that there is a zone of choice within which decision makers can go either way, without interference from the courts," Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*).

Plaintiff's primary argument on appeal is that the ALJ erred in failing to give controlling weight to the disabling opinions of claimant's treating cardiologist, Dr. Deepak Gaba. On October 10, 2006, Dr. Gaba completed a residual functional capacity assessment wherein he indicated that the claimant cannot stand daily at a work station, cannot sit daily at a work station, and cannot work with a sit/stand option. He further stated that she should not perform any lifting whatsoever. In a supplemental statement on October 20, 2006, Dr. Gaba explained that he treated the claimant for ventrical tachycardia which was diagnosed by electrocardiogram (Tr. 252-3). He explained that her treadmill testing was very brief because she immediately developed heart rhythm problems. He explained his findings in the RFC assessment as follows:

> This particular rhythm disturbance was easily precipitated with a very minor amount of exertion on the treadmill stress test and it is known to be – this particular type of rhythm – one of the precipitants, not just in Ms. Jones but in general, can be exertion. In some people, it can also occur with emotional upset. That can be a precipitant and given the minimal amount of activity that it took to precipitate that arrhythmia, the ventricular tachycardia, I am very concerned that small amounts of activity whether it involves lifting or walking or prolonged amounts of standing could cause an onset of this arrhythmia. (Tr. 253)

## ANALYSIS

The claimant argues that the disabling opinions of her treating cardiologist should have been given controlling weight. This argument involves application of what is commonly known as the treating physician rule. The courts have long held that the treating physician – especially one who has seen the patient over a period of time -- is in a unique position to evaluate the functional impact of an impairment on her or his patient, and the law recognizes the importance of that point of view by according deference to the opinions of treating physicians. In Wilson v. Commissioner, 378 F.3d 541 (6th Cir. 2004), the court again confirmed the weight ordinarily due the opinion of a treating physician. Wilson also underlined the fact that the courts are bound to hold the Commissioner to

the requirements of 20 C.F.R. Section 404.1527(d)(2), which calls for the ALJ to state clear reasons for rejecting or for limiting the weight given the opinion of a treating physician. See also Soc.Sec.Rul. 96-2p.

A treating physician's opinion, if uncontradicted, should be given complete deference. See, e.g., Walker v. Secretary of Health & Human Servs., 980 F.2d 1066, 1070 (6th Cir.1992). A treating physician's opinion is entitled to controlling weight if the Commissioner finds "that a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in [the] case record." 20 C.F.R. S 404.1527(d)(2)(1999). In other words, the opinion of a treating physician need not be given *controlling* weight unless supported by clinical or diagnostic findings. See Walters v. Commissioner of Social Security, 127 F.3d 525, 530 (6th Cir.1997); Bogle v. Sullivan, 998 F.2d 342, 347 (6th Cir.1993); Kirk v. Heckler, 742 F.2d 968, 973 (6th Cir.1984). However, "in all cases there remains a presumption, albeit a rebuttable one, that the opinion of a treating physician is entitled to great deference," even if that opinion does not qualify for *controlling* weight. Rogers v. Commissioner of Social Security, 486 F.3d 234, 242 (6th Cir. 2007).

The claimant's medical records from 2003 through October 2006 reveal multiple hospitalizations and evaluations for ventricular tachycardia. Her treating cardiologist recommended as early as April of 2005 that she not work to avoid symptoms that could lead to loss of consciousness, noting that only moderate activity had precipitated RVOT ventricular tachycardia in the past (Tr. 179-189). Later that year, he indicated that she should not drive or perform any activity given the tachycardia's association with activity (Tr. 226-227). Dr. Gaba later indicated that

the act of merely walking had precipitated rhythm disturbances in the claimant's heart (Tr. 254).

The ALJ declined to accept the opinions and limitations of the treating specialist in this case because "the extreme functional limitations noted by him are not supported by either his own treating notes or the other medical evidence of record." He gives an example of Dr. Gaba's April 2005 treatment note which indicates episodes of RVOT Ventricular tachycardia had been in the past brought on by moderate activity, and not by activity less than that level. There is no definition given of what constitutes "moderate" activity, and later testimony by Dr. Gaba indicates that the simple act of walking has caused cardiac rhythm disturbances. The ALJ further states that there are no documented episodes of sustained tachycardia since her hospitalization of December 2004, and that the claimant has continued to engage in outdoor activities in her garden and lawn for up to four hours at a time. These are misstatements of the record.

The ALJ further opines that "common sense caution" should be exercised, but the level of functional limitation ascribed by Dr. Gaba is contradicted by his treatment notes, the conservative nature of her treatment regimen, and the success of that conservative treatment regiment in achieving reasonable results for her. This reasoning fails to account for the claimant's financial limitations and their impact upon the treatments available to her. The ALJ also interjects his own characterizations of claimant's treatments as "conservative" and "successful in achieving reasonable results." These statements come uncomfortably close to the ALJ "playing doctor," something that neither the ALJ nor this Court is qualified to do. Finally, the ALJ indicates that he is more persuaded by the opinions of the state agency medical consultants (5F and 7F) who reviewed the record in 2004 and 2005, long before Dr. Gaba's more recent treatment records, his residual functional capacity assessment, and his October 20, 2006 recorded statement. Upon closer scrutiny, the Court simply

5

cannot find the ALJ's rejection of the treating cardiologist's opinions to be supported by substantial evidence.

## CONCLUSION

After reviewing the record as a whole, and when the opinions of Dr. Gaba are accorded the weight to which they are entitled, it is clear that there are no factual issues that would warrant remand for further proceedings. Where the record is fully developed, all essential factual issues have been resolved, and the record adequately establishes entitlement to benefits, remand for further proceedings serves no legitimate purpose, Abbott v. Sullivan, 905 F.2d 918 (6th Cir. 1990).

A judgment in conformity with this Memorandum Opinion has this day been entered.